UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE R. CABRERA JR., Individually and On Behalf of
All Others Similarly Situated,

                    Plaintiff,

            -against-

TAHOE RESOURCES INC., RONALD W. CLAYTON,
C. KEVIN McARTHUR, ELIZABETH DIANNE
McGREGOR, and MARK T. SADLER,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/26/2017

17 Civ. 5155 (AT)

**ORDER**

ANALISA TORRES, District Judge:

This is a securities class action brought on behalf of a putative class of investors ("the Class") who purchased or otherwise acquired Tahoe Resources, Inc. ("Tahoe") securities between April 3, 2013 and July 5, 2017 (the "Class Period"). The Class claims Tahoe and its officials (collectively, "Defendants") violated federal securities law by making false or misleading statements and seeks relief under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as well as Securities Exchange Commission Rule 10b-5.

Class member Kevin Nguyen moves for an order (1) appointing him "lead plaintiff" of this action pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a),[1] and (2) approving his counsel of choice, Faruqi & Faruqi LLP ("Faruqi"), as lead counsel. *See* Nguyen Mot., ECF No. 12. For the reasons stated below, the motion is GRANTED.[2]

**DISCUSSION**

I.  Standard of Review

The PSLRA directs courts to appoint the "most adequate" class member as the lead plaintiff through a two-step inquiry. 15 U.S.C. § 78u-4(a)(3)(B)(i). At the first step, courts are to presume that the most adequate plaintiff in a securities fraud class action is the party that (1) filed the initial complaint or timely moved for appointment as lead plaintiff, (2) has "the largest financial interest" in the case, and (3) "otherwise satisfies" the requirements of Federal Rule of Civil Procedure 23. *Id.* § 78u–4(a)(3)(B)(iii)(I)(aa)–(cc).

At the second step, the PSLRA's presumption "may be rebutted only upon proof . . . that

---

[1] Under the PSLRA, courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The statute refers to this member as the "most adequate plaintiff." *Id.*

[2] Class member Frederick Berliner withdrew his motion to be appointed lead plaintiff on September 12, 2017. Berliner Notice of Withdrawal, ECF No. 15.

the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class," and (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb).

## II.  Step One

### a.  Timeliness

Under the PSLRA, the plaintiffs filing the complaint must publish a notice announcing the pendency of the suit not later than twenty days after the filing date.  *Id*. § 78u-4(a)(3).  Any member of the purported class may file a motion to serve as lead plaintiff within sixty days after publication of the notice.  *See id*. § 78u–4(a)(3)(A)(i)(II).  Here, notices of the class action lawsuit were published on July 11, 2017.  *See* Gonnello Decl., Ex. C, ECF No. 14.  Class members were instructed to file any motions to serve as lead plaintiff by September 5, 2017— fifty-six days after publication.  *Id.*  There is no dispute that Nguyen timely filed his motion for appointment as lead plaintiff by September 5, 2017.  *See* Nguyen Mot.  He therefore meets the first requirement.

### b.  Financial Interests

When determining which class member has the "largest financial interest" in a securities fraud class action, "a court considers four factors: (i) the gross number of shares purchased; (ii) the net number of shares purchased; (iii) the net funds spent; and (iv) the net loss."  *In re Initial Pub. Offering Sec. Litig*., 214 F.R.D. 117, 121 (S.D.N.Y. 2002).  Of these, "[t]he most important factor is financial loss."  *Reitan v. China Mobile Games & Entm't Grp., Ltd*., 68 F. Supp. 3d 390, 395 (S.D.N.Y. 2014).

As Berliner has conceded that he does not have "the largest financial interest among the timely movants," Berliner Notice of Withdrawal at 1, there is no dispute that Nguyen has the largest financial interest in the case.  Nguyen submits that he purchased 200,000 net and total shares of Tahoe common stock during the Class Period and expended $2,880,574.90 in net and total funds.  Gonnello Decl., Ex. E.  Using a last in, first out methodology, he calculates that he has suffered losses of $1,822,156.30, *id*., a loss far greater than Berliner's estimated loss of $73,263.00 using the same methodology.  Nguyen therefore meets the second requirement.

### c.  Rule 23 Requirement

For the third requirement, the movant need only meet the typicality and adequacy requirements of Rule 23.  *See Varghese v. China Shenghuo Pharm. Holdings, Inc*., 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).  And "[a]t this stage in the litigation, a prima facie showing that the requirements of Rule 23 are met is sufficient."  *Id*.

A class member's claim is typical for purposes of Rule 23 if it "arises from the same course of events, and . . . makes similar legal arguments to prove the defendant's liability." *Reitan*, 68 F. Supp. 3d at 400 (internal quotation marks omitted).  As Nguyen's claims are based on losses he suffered as a result of Defendants' allegedly false or misleading statements made in

violation of federal securities laws, Nguyen Mot. at 2, his claims are typical of the class and arise from the same course of events.

A class member is an adequate representative for purposes of Rule 23 if the member "fairly and adequately protect[s] the interests of the class." Fed. R. Civ. P. 23(a)(4). "In order for the requirement to be satisfied, '(1) there should be no conflict between the proposed lead plaintiff and the members of the class, (2) the selected counsel should be qualified, experienced, and able to conduct the litigation, and (3) the lead plaintiff should have a sufficient interest in the outcome to insure vigorous advocacy.'" *Reitan*, 68 F. Supp. 3d at 400 (quoting *Xianglin Shi v. Sina Corp.*, Nos. 05 Civ. 2154 et al., 2005 WL 1561438, at *3 (S.D.N.Y. July 1, 2005) (internal quotation marks omitted)).

Nguyen satisfies each of the adequacy requirements. He has no conflict with the members of the class, *see supra*, has selected qualified and experienced counsel, *see infra* Section IV, and has a substantial interest in the outcome of this case, given the extent of his losses, *see supra* Section II.b. Nguyen therefore meets the third requirement. Accordingly, he is presumptively the "most adequate plaintiff."

III. Step Two

No party or class member has put forth any proof rebutting the presumption that Nguyen is the most adequate plaintiff.

IV. Approval of Lead Counsel

Finally, the PSLRA directs the most adequate plaintiff to select and retain counsel to represent the class, subject to court approval. 15 U.S.C. § 78u–4(a)(3)(B)(v). "There is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'" *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015) (quoting *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 03 MDL 1529, 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008)).

Here, Nguyen has selected Faruqi as lead counsel. The Court is satisfied that the proposed lead counsel has "extensive experience" in this area of law and is sufficiently qualified to conduct this litigation. *See Reitan*, 68 F. Supp. 3d at 401 ("Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995.").

**CONCLUSION**

For the reasons stated above, Kevin Nguyen is appointed as lead plaintiff and Faruqi & Faruqi LLP is appointed as lead class counsel. The parties shall submit a status letter to the Court no later than **October 10, 2017** setting forth the next steps in the case, including whether the lead plaintiff intends to file an amended complaint.

The Clerk of Court is directed to terminate the motions at ECF Nos. 9 and 12.

SO ORDERED.

Dated: September 26, 2017
      New York, New York

_____
ANALISA TORRES
United States District Judge